# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:18CR00005 |
| v. | ) **OPINION AND ORDER** |
| | ) |
| NELSON JOSE GONZALEZ, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Nancy C. Dickenson, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The defendant has filed a motion to dismiss Count One of the Indictment on the basis that a provision of the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248, tit. I, 120 Stat. 587, 590-611 (2006) (originally codified at 42 U.S.C. §§ 16901et seq., now codified at 34 U.S.C. §§ 20901et seq.), unconstitutionally delegates congressional authority to the Attorney General, in violation of the so-called nondelegation doctrine. For the following reasons, the motion will be denied.

I.

The United States alleges the following, which for the purposes of this motion, the defendant does not contest. The defendant, Nelson Jose Gonzalez, was convicted in 1993 of a sex offense in Michigan. After completion of his prison

sentence, Gonzalez registered with Michigan as a sex offender. In 2017, Gonzalez moved to Virginia, but did not register there. The Indictment was returned against Gonzalez in this court charging him with failing to register or update his sex offender registration as required by SORNA (Count One), together with the crime of misuse of a Social Security number (Count Two).

In his Motion to Dismiss, Gonzalez argues that he cannot be charged with failing to register as a sex offender because he was never lawfully required to register under SORNA. Specifically, he contends that SORNA violates the nondelegation doctrine. I disagree.

II.

SORNA requires sex offenders to initially register in jurisdictions where the offender resides, is employed, and is a student. The offender must keep the registration current and report any change in name, residence, employment or student status. 34 U.S.C. § 20913(a). SORNA also created a separate federal felony punishable by up to ten years in prison for offenders who travel in interstate commerce and "knowingly fail[] to register or update a registration as required by [SORNA]." 18 U.S.C. § 2250(a). Congress did not determine SORNA's applicability to offenders who had been convicted of a sex offense prior to its enactment. Instead, the Attorney General, pursuant to the congressional grant of authority given to him in 34 U.S.C. § 20913(d), promulgated 28 C.F.R. § 72.3,

which applies SORNA registration requirements "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."

Gonzalez alleges that SORNA's delegation of authority to the Attorney General to specify the applicability of the Act's requirements to sex offenders convicted prior to SORNA violates the nondelegation doctrine.[1]

Every court of appeals to decide such a nondelegation challenge to SORNA has rejected it. *See e.g., United States v. Guzman*, 591 F.3d 83, 91-93 (2d Cir.), *cert. denied*, 561 U.S. 1019 (2010); *United States v. Nichols*, 775 F.3d 1225, 1231-32 (10th Cir. 2014); *United States v. Richardson*, 754 F.3d 1143, 1145-46 (9th Cir. 2014) (per curiam); *United States v. Cooper*, 750 F.3d 263, 266-72 (3d. Cir.), *cert. denied*, 135 S. Ct. 209 (2014); *United States v. Goodwin*, 717 F.3d 511, 516-17 (7th Cir.), *cert. denied*, 134 S. Ct. 334 (2013); *United States v. Kuehl*, 706 F.3d 917, 918-20 (8th Cir. 2013); *United States v. Parks*, 698 F.3d 1, 7-8 (1st Cir. 2012), *cert. denied*, 133 S. Ct. 2021 (2013); *United States v. Felts*, 674 F.3d 599, 606 (6th Cir. 2012); *United States v. Whaley*, 577 F.3d 254, 262-64 (5th Cir. 2009); *United States v. Ambert*, 561 F.3d 1202, 1212-14 (11th Cir. 2009); *United States v. Sampsell*, 541 F. App'x 258, 259 (4th Cir. 2013) (unpublished) (noting

---

[1] On March 5, 2018, the Supreme Court granted a petition for a writ of certiorari in *Gundy v. United States,* 138 S. Ct. 1260 (Mem.). The issue in *Gundy* is whether SORNA's delegation of authority to the Attorney General under 42 U.S.C. § 16913(d) violates the nondelegation doctrine.

that the Fourth Circuit has "consistently rejected similar non-delegation challenges in unpublished decisions").

The nondelegation doctrine is satisfied when a statutory grant of authority sets forth an "intelligible principle" that "clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." *Mistretta v. United States*, 488 U.S. 361, 372-73 (1989) (quotation marks and citations omitted). The Supreme Court has found only two statutes that lacked the necessary "intelligible principle." *Whitman v. American Trucking Ass'ns*, 531 U.S. 457, 474 (2001) (referencing *A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495 (1935) and *Panama Ref. Co. v. Ryan*, 293 U.S. 388 (1935)).

In enacting SORNA, Congress "broadly set policy goals that guide the Attorney General," and it "created SORNA with the specific design to provide the broadest possible protection to the public, and to children in particular, from sex offenders." *Ambert*, 561 F.3d at 1213. Additionally, Congress "made virtually every legislative determination in enacting SORNA, which has the effect of constricting the Attorney General's discretion to a narrow and defined category." *Id.* at 1214; *see Guzman*, 591 F.3d at 93 (explaining that Congress outlined the crimes requiring registration, the circumstances of registration, the information required to register, and the penalties for not registering, leaving to the Attorney General's discretion only the applicability of SORNA to a discrete set of persons).

Moreover, the Supreme Court has upheld delegations that are much broader than § 20913(d). *See Touby v. United States*, 500 U.S. 160, 165 (1991) (upholding the Attorney General's power to schedule controlled substances on a temporary basis).

For these reasons, I find that the nondelegation doctrine has not been violated and Count One of the Indictment should not be dismissed.

III.

Accordingly, it is hereby **ORDERED** that the defendant's Motion to Dismiss Count One of the Indictment, ECF No. 30, is DENIED.

ENTER: May 7, 2018

/s/ James P. Jones
United States District Judge